# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1612

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Casimiro Torres-Morales, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 16, 2004
Filed: December 17, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Casimiro Torres-Morales pled guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced Torres-Morales to 46 months in prison and 3 years' supervised release. On appeal, counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court plainly erred when the court failed to inform Torres-Morales at the plea hearing of the court's obligation to apply the Sentencing Guidelines.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Before accepting a guilty plea, a district court must advise the defendant as to various aspects of the law, including the court's obligation to apply the Guidelines and the court's discretion to depart from those Guidelines under some circumstances. See Fed. R. Crim. P. 11(b)(1)(M). We review for plain error unobjected-to omissions under Federal Rule of Criminal Procedure 11. See United States v. Vonn, 535 U.S. 55, 58-59 (2002). Although the district court told Torres-Morales only indirectly of its obligation to apply the Guidelines--the court inquired whether Torres-Morales and his attorney had discussed how the Guidelines might apply--we do not believe that any resulting Rule 11 error affected Torres-Morales's substantial rights. The record shows that Torres-Morales and his counsel had discussed the Guidelines before the plea hearing, and even if Torres-Morales did not possess more specific information about the Guidelines at the time of the plea hearing, this information was made available to him prior to sentencing, where he reaffirmed his guilty plea. Significantly, Torres-Morales does not argue on appeal that he would not have entered the plea had he known that the Guidelines would be applied to him; he merely argues that the information was "central to the plea decision." See United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004) (defendant who seeks reversal of conviction after guilty plea, claiming plain error under Rule 11, must show reasonable probability that, but for error, he would not have entered plea).

We have also carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____